[Civ. No. 21375.   First Dist., Div. Three.   Mar. 25, 1964.]

CAROLYN WALLS, Plaintiff and Appellant, v. MACY'S, Defendant and Respondent.

Fred F. Cooper and Trefts & Trefts for Plaintiff and Appellant.

Boyd, Flageollet & Benson and Herbert Chamberlin for Defendant and Respondent.

DRAPER, P. J.—Jury verdict was for defendant in this personal injury action. Plaintiff appeals from the ensuing judgment. Plaintiff, shopping in defendant's store, stood at a counter examining merchandise. Her left heel was struck by a cart pushed down the aisle by a store employee. Her heel bled, and a bandage was applied in the store infirmary, where she remained in a nervous and upset condition for two or three hours. She had been treated in a hospital clinic, before this accident, for two wholly unrelated conditions. She received medical examinations and treatment of the heel after the accident, and treatment for the two preexisting conditions and for the heel injury continued until trial. Her complaints of the heel were largely, if not wholly, subjective. At trial, she offered medical testimony that a condition known as Sudek's atrophy had developed, and that it could have been caused by the heel injury. There was contradictory medical testimony.

She pleaded and sought to prove loss of earnings from date of the accident, March 30, 1959, (or her later recovery from her prior physical difficulties), to time of trial in March of 1962. Defendant offered the medical record of a hospital and clinic covering treatment of plaintiff from November 10, 1958 to June 2, 1959. Until the date of the accident, this record related only to treatment for the two preexisting conditions. After that date, it dealt with the heel injury as well. Plaintiff's counsel waived foundation testimony by the custodian of the record, but reserved the right to object to relevancy of any portion. When the record was offered in evidence, plaintiff objected on the ground of irrelevance, but only to the record in its entirety. The objection was overruled, but the court specifically suggested that plaintiff's counsel "go through" the record and submit any specific objections to the court. Counsel affirmatively accepted this reservation, but thereafter made no specific objection to any part of the record.

Plaintiff's brief states that "the sole issue presented on appeal is whether the trial judge erroneously admitted irrelevant portions of" this hospital record and allowed questions thereon.

When a portion of a document is admissible and part inadmissible, an objection to the whole is properly overruled (*People* v. *Lang Transportation Corp.*, 43 Cal.App.2d 134, 140-1 [110 P.2d 464] ; *Estate of De Laveaga*, 165 Cal. 607, 635 [133 P. 307]). The rule is particularly applicable when,

as in this trial, the court invited objection to specific portions, but received none.

Plaintiff claimed loss of earnings from March 30, 1959, to trial three years later due to her heel injury. Parts of the hospital record dealt directly with the heel injury, and were admissible. Other parts tended to show that the preexisting conditions, alone, made it impossible for her to work. Thus substantial portions of the record were admissible and the objection to the record in its entirety was properly overruled. Plaintiff objected to very few of the questions concerning parts of this record, and then only on grounds relating to foundation, to which she had already stipulated. No issue of relevancy was raised by any such objection, and no error appears.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied April 24, 1964.